UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:07-cv-047 PS |
| NAVARRO CONSTRUCTION, INC., an Indiana Corporation, | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Default Judgment. [DE 7.] Because Defendant Navarro Construction, Inc. has failed to answer or otherwise defend this lawsuit, it is adjudged to be in default.

**I. BACKGROUND**

Plaintiff Construction Workers Pension Trust Fund Lake County and Vicinity filed its complaint in this matter on February 20, 2007. [DE 1.] Service of Summons and Complaint by certified mail was made and received by Defendant on March 2, 2007. [DE 4.] Defendant failed to appear, plead, or otherwise defend the lawsuit as provided by the Federal Rules of Civil Procedure. Accordingly, Plaintiff filed a Motion for Entry of Default on March 26, 2007 [DE 5], which the clerk of the court entered on March 28, 2007. [DE 6.] Plaintiff then filed a Motion for Default Judgment on April 23, 2007, which is now before this Court. [DE 7.] Upon consideration of the Motion for Default Judgment, this Court ordered Plaintiff to introduce sufficient evidence to demonstrate an entitlement to the damages sought in its proposed default

judgment order. [DE 10.]   As ordered, on July 23, 2007 Plaintiff filed a Supplement to Motion for Default Judgment including detailed support for damages sought. [DE 11.]

Plaintiff asserts that Defendant violated the provisions of the Employee Retirement Income Security Act (ERISA), by failing to make monthly contributions to the Plaintiff Fund for all hours worked by covered employees of Defendant, as required by a collective bargaining agreement signed by a representative of Defendant. (Compl. ¶ 8.) Plaintiff seeks (1) contributions for the months of September, October, November and December, 2006, which equal $9,339.25; (2) 20% liquidated damages on the delinquent contributions for the same months, in the amount of $1,867.85; (3) attorney's fees of $1,500.00; and (4) the cost of the filing fee ($350.00). (Pl. Supp. Mot.) Accordingly, Plaintiff seeks a total of $13,057.10 from Defendant.

## II.  DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment.") Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Hill v. Barbour,* 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). "This entry is recognition of the fact that a party is in default for a failure to comply with the rules." *See Hill*, 787 F. Supp. at 148 n.4 (citing 6 Moore et al., Moore's Federal Practice ¶ 55.03 (2d ed. 1985)).

As the clerk has entered default against Defendant in this case, this Court may now enter

2

a default judgment under Rule 55(b)(2).  While Federal Rule of Civil Procedure 55(b) gives district courts the power to enter default judgment, they must exercise discretion when doing so.  *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).  "'As a general rule, a default judgment establishes, as a matter of law, that defendant[] [is] liable to plaintiff as to each cause of action alleged in the complaint.'" *O'Brien*, 998 F.2d at 1404 (citation omitted).

Courts may consider a number of factors when deciding a motion for default judgment.  These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt.  10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685 (3d ed. 1998); *see also American Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. March 29, 2002) (citing *Federal Practice and Procedure: Civil* § 2685).

In this case, the factors listed above weigh in favor of default judgment.  There are very few material issues of fact and the grounds for default are clearly established.  Moreover, there are no issues of substantial public importance here.  Furthermore, the default is not simply a technicality, as Defendant has not pleaded or appeared in this matter since the lawsuit was filed in February 2007.  Defendant cannot be allowed to completely ignore this suit.  Finally, Plaintiff seeks a relatively small amount of money.  Nevertheless, Defendant's refusal to respond to Plaintiff's complaint prejudices Plaintiff by delaying its receipt of the money at issue.  Thus, the Court finds that a weighing of these competing factors comes out in favor of Plaintiff, and default judgment is appropriate.

Normally, upon considering a motion for default judgment, a court must have a hearing to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). In cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, however, such a hearing is unnecessary. *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323).

To support its claim of an ERISA violation, Plaintiff submits an affidavit from Arlene David, auditor for Plaintiff. (Pl. Mot., A. David Aff.) She attests that Defendant failed to make timely contributions to the Fund from September through December 2006. (*Id.*) Supporting documentation shows specifically:

|                 | **Contribution Due ($)** |
| --------------- | ------------------------ |
| **September 2006** | $1,869.75             |
| **October 2006**   | $2,368.00             |
| **November 2006**  | $2,643.50             |
| **December 2006**  | $2,458.00             |
| **Total**          | **$9,339.25**         |

(Pl. Supp. Mot., Ex. 2.) Under ERISA, Defendant also owes 20% liquidated damages on the delinquent contributions in the amount of $1,867.85. (*Id.* ¶ 2.) In addition, Defendant owes $350.00 to reimburse Plaintiff for the filing fee for this lawsuit. (*Id.* ¶ 3.)

Finally, Plaintiff is entitled to $1,500.00 in attorney's fees. Plaintiff's attorney, Samuel J. Goodman, submitted an affidavit stating that Plaintiff was billed at a rate of $195 per hour, for a total amount of $1,500.00. (S. Goodman Aff. ¶¶ 3-4 [DE 8].) The Court finds that $1,500.00, the final lodestar amount, is reasonable and appropriate. *Mathur v. Bd. of Trs. of S. Ill. Univ.*,

4

317 F.3d 738, 742 (7th Cir. 2003) (noting that a lodestar amount is obtained by multiplying the number of hours an attorney reasonably worked on the litigation by a reasonable hourly rate).

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment [DE 7] is **GRANTED**.  Defendant Navarro Construction, Inc. is **ORDERED** to pay:

(1)     $9,339.25 in delinquent contributions for months September through December 2006;

(2)     $1,867.85 in liquidated damages on the delinquent contributions for months September through December 2006;

(3)     $350.00 to Plaintiff for the cost of the Court filing fee of the complaint; and

(4)     $1,500.00 to Plaintiff for attorney's fees;

for a total of $13,057.10.  The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein.  The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED**.

ENTERED: September 14, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT